UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA　　　　:　　　Crim. No. 16-171 (KM)

　　　　　　　　　v.　　　　　　　　　:

WAEL RABEE　　　　　　　　:　　　　OPINION

On April 1, 2016, defendant Wael Rabee pled guilty to one count of conspiracy to defraud the United States of some $1,493,293.65 in Supplemental Nutrition Assistance Program ("SNAP") benefits by means of "phantom" grocery purchases, contrary to 18 US.C. § 641, in violation of 18 U.S.C § 371. In his plea agreement, he stipulated to a loss between $550,000 and $1.5 million. (DE 43 at 7) On December 21, 2016, the Court imposed a sentence including 3 years' probation and restitution in the amount of $1,493,293.65. (DE 51) No appeal was taken.

Over five years later, on May 6, 2022, counsel filed on Mr. Rabee's behalf a "Motion to Dismiss Restitution." (DE 56) He asks the Court to "terminate restitution that was unlawfully entered and the return of all restitution payments made by Rabee." (*E.g.,* DE 56 at 5, 1). While the basis of the motion is not clearly stated, the sense of it is that the Court erred at the time of sentencing: *i.e.,* that it "did not follow the relevant statutes for imposing restitution." (DE 56 at 12)

Counsel then filed a second motion to have the first motion granted based on the failure of the United States to respond (DE 59), as well as an appendix (DE 61) The United States filed a response to the motions. (DE 60)[1]

---

[1]　　The motion (DE 59) based on the government's default is denied. The government's initial oversight is understandable given the untimeliness of the motion. Once alerted, the government did file a response. Given the age of the case, there is no plausible argument that the delay prejudiced the defendant.

There was no error in the judgment requiring correction. Under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §3663A, an order of restitution was mandatory.

In addition, any such motion to vacate or amend sentence, brought five years after the fact, is untimely. *See, e.g.,* 28 U.S.C. § 2255(f); Fed. R. Crim. P. 35. *See also United States v. Bania,* 787 F.3d 1168, 1172 (7th Cir. 2015); *Barnickel v. United States,* 113 F.3d 704, 706 (7th Cir.1997). This Court does not have jurisdiction to cancel or recalculate an order of restitution that has become final. *See United States v. Oak,* 398 F. App'x 274, 274-275 (9th Cir. 2010); *Balter v. Martinez,* 477 F. App'x 873, 875 (3d Cir. 2012) (unpublished) ("[T]he proper time for challenging a restitution order is on direct appeal.")

Defendant is not without recourse, however. Changed circumstances may permit a modification of the payment schedule. *See* 18 U.S.C. § 3664(k). The government has included a copy of a Financial Disclosure Form (DE 60-1) and has directed defendant to reach out to U.S. Attorney's  Financial Litigation Unit if he wishes to set that process in motion. [2]

## CONCLUSION

In short, the defendant's claim of legal error in connection with sentencing is substantively baseless and also untimely, such that the Court lacks jurisdiction to hear it. The motion as presented must be denied. A separate order is filed herewith.

Dated: January 18, 2023

/s/ Kevin McNulty

_____

HON. KEVIN MCNULTY
United States District Judge

---

[2]     For example, counsel attaches an affidavit from Mr. Rabee stating that he has a low income and that the outstanding restitution obligation is preventing him from obtaining credit. (DE 56-1) I also note in that connection, however, that Probation has already reduced the payment schedule to a mere $10 per month.